Good morning Your Honor, may I please the court, Robert Zosmar on behalf of the government. Stand up your first for a change. I remind myself ten times to go to the right table in this situation because I've gotten it wrong. May I request three minutes for rebuttal? Yes, done. Your Honor, the district court, as the government has argued, erred in granting the motion to suppress. We ask that that be reversed. I will address that as well as, unless the court is interested in more, I will briefly address the argument that the government appeal is untimely, which I don't think is a very compelling argument. With respect to the reasonable suspicion, the learned district judge, I think, went down the wrong trail here, was in minimizing the seriousness of the offense and believing that somehow that changed the analysis that was required. The court said that this was an accidental electrocution during an act of vandalism and that this is not like an act of violence where a fleeing suspect who is armed poses an emerging threat to public safety. That's up to standard, as we know. The case does permit stops for the investigation of any offense, and this wasn't even known to be an accidental electrocution at the time. What about jurisdiction? Let's get to jurisdiction. Can I start with what I think we know, and I'm going to ask Mr. Schweitzer the same, see if we can all narrow the focus here. If a motion for reconsideration is filed on the 31st day after the order is entered, then we would have no jurisdiction, correct? Well, it depends. It depends on whether there's a rule that permits the filing on the 31st day of the motion for reconsideration. There are rules that allow that? Yes. As we lay it out in our brief, the local rule that applies to a motion for reconsideration in this district requires the motion within 14 days. The local rule can resurrect a debt appeal. Right. Three years after an order is entered, a lawyer goes into the district court. Let's say the lawyer was absent-minded, forgot to file an appeal. Three years later, he realizes his error, and he goes back to the district court. He's smart enough to realize he's three years out of time, minus 30 days, but he just figures, well, here's an easy way around. I'll go to the district court, and I'll say a motion for reconsideration, and then the district court denies the motion for reconsideration. It's your position, then, that an appeal can be taken from that? Well, obviously, I don't believe a district court would ever permit the motion in that extreme circumstance, but hypothetically, if it did, the question is not whether the court denies the motion for reconsideration. The question is whether the court initially permits the late filing, in other words, extends the debt. District courts have that power. The hypothetical I give, the district court has the power to undo the finality of the 30-day appeal window having been passed by simply excusing the filing and the motion for reconsideration? Well, the terminology with respect to Conner is wrong. This is not undoing finality. It's not resurrecting a debt appeal to refer to Judge Jordan's place. The Supreme Court has made very clear in Healy and the other cases that are cited, Ibarra, that we're not dealing with resurrecting a debt appeal. You're dealing with rendering a final order no longer final. That's what happens when the final order is entered on, let's call it, day zero. On day 14, when a motion for reconsideration is filed, that final order ceases to be final because the district court has more work to do. Right. So what I thought maybe we could agree on is that if a timely motion for reconsideration is filed within 14 days, that's the easiest case. The district court can then, two months later, deny the motion for reconsideration and then you have 30 days to appeal, right? Right. And on day 29, after the order is entered, when the lawyer files a motion for reconsideration that under the local rules is 15 days late, the district court there also has the power to entertain that and excuse the late filing, right? Correct. And two months later, when a motion for reconsideration is denied, then you have 30 more days to appeal. What about when the lawyer doesn't file it on the 14th or the 29th day, but files it on the 35th day? Has the appeal period come and gone and there's nothing that can be done about it or can the district court also excuse that? The district court, under the rules, can extend the period at that time, not just under the local rules, but also under Federal Rule 45, which allows time periods to be extended based on a showing of good cause. How can that be the case when there's a statutorily based deadline? Now, let me ask it to you this way. It seems to be, and you seem to agree, that for defendants, the deadline in a criminal case is rule-based, right? That is correct. But for the government, the time limit is statutorily based, right? Yes. Okay. So isn't it the case that Supreme Court case law teaches us that when there's a rule-based deadline, that's not jurisdictional and is something that can be waived by the other side. But if it's asserted, it's an inflexible bar, correct? Correct. But when it's statutorily based, no matter how much a district court might want to extend something, it can't do it because Congress has said that's the deadline and that's it, and district courts can't extend it. Correct. Okay. So if that's the world we're in, basically the circumstance that Healy specifically said it wasn't dealing with, Healy says we are not faced with an attempt to rejuvenate an extinguished right to appeal. Here we're dealing with an effort to file a motion for reconsideration, which everybody has to concede, fell outside the 30-day statutorily-based deadline, correct? Wrong. No? There is no statutory 30-day deadline for a motion for reconsideration. No, no, no. Don't go to a motion for reconsideration. That's what we're talking about. No. We're talking about the finality of the appeal itself. You had 30 days to appeal, and you did not file an appeal within those 30 days, correct? That's correct. Isn't that exactly what's posited in Healy, when it says we are not faced with an attempt to rejuvenate an extinguished right to appeal? That is, we are not in a circumstance where we're outside that 30-day window. Here we are in a circumstance where we're outside that 30-day window, correct, Mr. Zeller? Yes, but I'm not fixated. So what you're saying is we can be outside that 30-day window, and a motion that's filed for reconsideration can, quote, rejuvenate an extinguished right to appeal. That is, it can bring back an appeal right which, by statute, no longer existed. You can put it that way. That's how I am putting it. I'm trying to answer that. And the reason that is true is because when the court allows the time for a motion for reconsideration, the judgment is no longer final. What does Russell v. Bowers mean? Excuse me? Russell v. Bowers. What does it mean? In that case where some district court said, yeah, yeah, go ahead, take a little extra time, and the Supreme Court said, you can't do that. That's statutory. That's right. Okay. What's the difference here just because it's a criminal case? The court was extended. No, the civil criminal distinction doesn't exist here. The Russell v. Bowers involves the court. You took it in Bowles v. Russell. I'm sorry. I got it. I got it. Thank you. Bowles v. Russell involved Rule 4A6. 4A6 said that the district court may reopen the time to file an appeal for a period of 14 days. The district court misled the lawyer terribly and said, I'll give you 17 days, and the lawyer had to be quite surprised when after doing exactly what the district court ordered, the lawyer learned that the Supreme Court said, sorry, it's jurisdictional. Right? That's right. Okay. I need a little bit of time to explain the different things going on here. The 30-day limit or 60-day in some cases for civil appeals is statutory and mandatory. Rule 4, as addressed in Bowles, allows the district court to extend that by 14 days. The court there extended it by 17 days. So what the court did was it extended a jurisdictional limit. It could not do that, and that's what Bowles is. That is not this case because there is no statutory limit on the time period in which the district court can allow a motion for reconsideration. That's the difference. Bowles involved extending the time. Then the question that Judge Harmon put to you earlier is pertinent. You're suggesting that no matter when the government had come back and said, we'd like to file a motion for reconsideration, the district court could have said on that 35th day, I mean, if it hadn't come back and said motion for reconsideration, everybody would agree it's final on the 30th day, right? Correct. Okay. But you're saying you can come back on the 35th day, after everybody would agree that it was final on the 30th day, and say, you know what, we'd like to file a motion for reconsideration. It's going to take us six months. We've got a big mob trial going on. And the district court could say, yeah, that's okay. And that's because when it does that, and I think talking extreme is not helpful, but normally you get shorter. It actually is helpful. We're trying to test the boundaries of what power the trial court has to alter these statutory deadlines, jurisdictional deadlines. Fine. When the court on day 35 extends it by six months, what it is doing, it is making what was a final judgment, on which the time to appeal otherwise had run, not final. There is no longer a final judgment. And what's the case you rely on for that? It's Healy. I mean, that is the holding of Healy. Healy says, specifically, we're not dealing with the circumstance that we're in right now. We're not within 30 days. We're outside the 30 days. They're explicit about that. That's correct. But what Healy is explicit about, first and foremost, is that a timely, if he literally says, a timely motion for reconsideration, renders a final judgment not final. How do you define timely? Exactly. And how we define timely is as permitted by rule and by the court. So the ruling can trump the statute? Not at all. There is no statute. That's the point. There is no statutory limit on a motion for reconsideration. But there is a statutory limit on when an appeal can be filed. Correct. But that statutory limit goes away when the court permits the time of the motion for reconsideration. And so here, by the way, there is no need. We know that to be the case because there are many, many cases where if the local rule, as it does here, says you have to file a motion for reconsideration within 14 days, there are many cases where that motion is filed timely, right, day 7, day 10, day 14. And it's probably the unusual case where that motion is adjudicated or disposed of prior to the expiration of day 30. There are many cases where the district court will take that motion under advisement and one or two months later will then adjudicate it. That's correct as well. And we know that you don't lose your time to appeal because the district court might sit on that for a period of weeks or even months. Definitely. Okay. That's hailing. All right. What makes this case a little tougher is that it wasn't filed within the 14 days. It was under the local rule. It was an untimely motion for reconsideration, but the district judge agreed with your position that he had given you latitude to file it later. Government, I guess, made clear that it was interested in either filing a notice of interlocutory appeal or a motion for reconsideration, and the trial bench gave you that ability. Right. That's correct. And it was also sort of logical to think that you wouldn't be able to make a decision until November 14th when the transcript became available and you could study what actually happened in the district court. That was one of the considerations. That's correct. And so the motion, it's also not uncommon, by the way, that district courts in this district extend the time to file a motion for reconsideration. I recognize that. The important point is there's no dispute here that under the local rules, at least, and under the authority of the district court, this motion for reconsideration was timely. The defense has not disputed that. They have a footnote picking around the edges, but there's agreement that it was timely. The only question is, does that affect the fact that 30 days ran from what's now no longer a final judgment? Well, isn't that, isn't there, you're putting the rabbit in the hat when you say what is now no longer a final judgment? I mean, that's the point, right? The question is whether your motion for reconsideration can deprive what five days earlier was a final judgment. No matter how you slice it, what you're saying is it was final on day 30, and if we hadn't done anything, it would have remained final. But because we filed a motion for reconsideration, it ceased to be final. Exactly. And the quote in Healy, page 78, criminal judgments are non-final for purposes of appeal, so long as timely rehearing petitions are pending. So it's all about, and you think that timely becomes rule-based, and that rule-based timely about reconsideration, in fact, can do what Healy says, it can resurrect an appeal. Exactly. And Browder basically holds that, because Browder establishes the preeminence of rules in this situation. Browder is a case in which it's filed within the 30 days, within the 30-day time for appeal, but the motion for reconsideration is untimely because there was a 10-day limit. And Browder says no jurisdiction because there was no motion for, you appealed after the motion for reconsideration, and you weren't permitted to pursue that. Yeah, but how does Browder help us? Because as you just said, it was filed within the 30 days. Here's the important point, and there are important quotes in Healy and Browder that my friend, Mr. Schweitzer, just hasn't addressed. The core of their argument has not been what Your Honors has been suggesting. The core of their argument is that Healy establishes a 30-day limit on a motion for reconsideration in a criminal case, and it absolutely does not. What Healy does is it creates a 30-day default period where there is no applicable rule. And the Supreme Court says that explicitly over and over. In Browder, just looking at Mrs. Footnote 13 in Browder, they say the parties there misunderstand the import of Dieter and Healy. The court's resort to traditional practice in those cases, the traditional practice being allowing a motion for reconsideration within the 30-day time to appeal. The court's resort to traditional practice in those cases was predicated explicitly on the absence of a relevant statute or rule governing the tolling of the time to appeal. It had nothing to do with the practice or procedure of the underlying criminal trial. Whereas here, a rule governs the procedure in question, the problem addressed in Dieter and Healy is absent. What rule governs this case? Because I thought maybe 4B4 of the federal appellate rules would have some discussing that. Is that because that only involves a notice of appeal? Yes, it involves an appeal and not a motion for reconsideration. But interestingly, you went to the trial judge and said, either we're going to file a notice of appeal or a motion for reconsideration. Because we were familiar with these rules, and we knew that after the timely motion for reconsideration, our time to file a notice of appeal would run. We're not seeking any relief under the federal rules of appellate procedure while we're in the district court. So this was a knowing thing by the government. It filed outside that 30-day appeal window on purpose. I thought you filed within the 30 days. I mean, you got an extension. You asked for the extension within the 30 days, and an order was entered within the 30 days. I think it was the 29th of October, granting you the extension, right? That's correct. You filed your motion outside on the 35th day. We filed it a day afterwards because of another delay that occurred that the district court also permitted, as it says in its opinion. So really, I think we can simplify this somewhat. Had you filed a motion for reconsideration on October 29th, that filing would have been within the 30 days, and I think maybe even Mr. Schweitzer would agree that you're timely. But that didn't happen. Instead, we got a court order. So the whole timeliness question seems to come down to whether or not that court order, granting you an extension to file your motion for reconsideration, rendered the initial order, granting the motion to suppress, non-final. Exactly. And I would respectfully suggest, and Mr. Schweitzer can correct me if I'm wrong, that if we had not filed a motion for reconsideration by day 14 and instead had filed a motion for reconsideration on day 28, in other words, the Browder situation, I would expect the defense to argue that that motion for reconsideration was untimely and that we should meet the same date as Browder. And Your Honor said we'll be monitoring this. How would that be inconsistent with the position they're taking now? Because we understood on day 14 that the court was giving us an extension, a thought that the district court confirmed as reasonable when it said explicitly that. But versus Russell, they all thought that they were getting an extension, too, which they thought was perfectly reasonable. Well, but their mistake there, and if we made a mistake here, you'll tell it, but it's a different mistake. Their mistake there was believing that the district court could extend a jurisdictional limit. Our view here, based on- And as far as they're not jurisdictional, that's what saves you. Well, no, there's ample experience under the local rules that you can get an extension for a motion for reconsideration. And to answer your question, Mr. Charterman, yes, we were monitoring this, and I've been doing this for a very long time. And if I'm wrong, I know the court will correct me, and I won't make the mistake again. But I have routinely, over 20 years of appellate supervision, filed motions for reconsideration on day 14 or before because that's what the local rule says. I've also sought extensions. Have you ever or are you aware of any circumstance where a motion for reconsideration has been asked for, which would have you filing the motion-excuse me, an extension was requested, which would have you filing a motion for reconsideration outside of the statutory 30-day window? Yes, I cannot give you-I cannot cite cases to you, but this is far from the first time that we've done that. This is what our understanding of the applicable law, and it still is. We need new Supreme Court cases. One other quote, if I could just provide while I have a moment, from Browder that my friends have not addressed. But Browder says- Well, I'll tell you what, Mr. Zosner, we're well past your time, but let's see if we've got other questions from people we'll have you back on. Okay. And we'll have you back on rebuttal. Mr. Schweitzer. Good morning. Your Honor, it's Brett Schweitzer of the Defenders. I'm representing Mr. Cobb. The hypotheticals that the Court is posing are exactly what happened in Aligrucci, the case that Healy cites. There was a reconsideration motion filed 52 days, not 35, 52 days, after the Justice Department And the Healy Court didn't just say, well, we don't have a situation here where we've got a rejuvenation of a dead appeal. It then said, we know what happens in those cases. Cite Aligrucci. Appeal dismissed. In Aligrucci, did the lawyers get permission to file it out of time? Did the District Court authorize that filing on the 52nd day? Well, what happened in Aligrucci was the appeals court, it was a direct appeal to the Supreme Court. So the appeals, it wasn't a District Court situation. The appeals court granted an extra time to seek reconsideration. And it allowed, actually, the appellant there, the petitioner on certiorari, actually more time. I think 58 days or something like that. He filed 52 days, and the Supreme Court said, no, this is dismissed. We have an attempt to rejuvenate an extinguished appeal. So my only point here is that we're not dealing with a clean slate. Healy, in fact, talks about the flip sides of a single coin. In other words, in a criminal case, if you're within the 30-day jurisdictional period, a reconsideration motion is going to render that underlying judgment non-final. So you agree that on the date, instead of the District Court, in this case, entering an order giving the government more time, if the government had filed a motion for reconsideration on that date, day 27 or 29, then that would render the prior order on suppression non-final. Absolutely, and it probably didn't matter if they complied with the local rules. So you're saying district judges don't have the power to extend the time to appeal then? Well, no, not via vehicle of a reconsideration motion filed after 30 days. The government's entitled reconsideration two years later. Whatever, that doesn't matter. That's at the discretion of the District Court. But then can they appeal? Well, I suppose if two years later someone files a motion for reconsideration, District Court entertains it and then rules on it. Is there a right to appeal within 30 days or not? Well, I think that gets tricky. At the most, all they could appeal is the reconsideration and not the underlying judgment because that's obviously an attempt to sort of go back and resurrect the underlying judgment. And I think the law is pretty clear on that, that while there may be an ability at that point to independently challenge something about the reconsideration order, that's a vastly different appeal than one of the substantive judgment, underlying judgment. So what we have here is, and I think it's really important to recognize this, is we have a jurisdictional 30-day time limit. The Supreme Court has said, hey, here's the line. Mr. Schweitzer, what if the District Court had said, you know what, you can give me the details of your motion for reconsideration later. Like you can have 20 days if you want for that. But I'm considering what you've just said to me to be a motion for reconsideration. You clearly want reconsideration. I'll take this as a motion for reconsider. And you can file a brief with the reasons later. Is that okay? Fine. All we're asking is what the Supreme Court has said, which is file a motion for reconsideration within 30 days, and that will render it. That's the hypothetical I'm trying to give you. There's no filing. It's just them saying, we're going to need more time. The court's saying, okay, I'll take that as a motion for reconsideration. Why not treat that as a motion for reconsideration? The court could do that. What it couldn't do. Well, you're saying it could do that. If I understand what Your Honors is suggesting, whether it doesn't have to be written, doesn't have to be oral, if the government comes and says, hey, we're filing a motion for reconsideration or we'd like to do for reconsideration, I'll file the detailed memo later, that's fine. Or it doesn't even get into that. It just says, we're planning to file a motion for reconsideration. We'd like an extension of time. And the court says, you know what, you can file a paper formalizing it later, but I'm going to treat this request right now as a motion for reconsideration. I'm considering this as a motion for reconsideration. Give me the details later. And it goes outside the 30-day window. Okay, maybe that's okay because it's the judge de facto saying, you filed a motion for reconsideration, even though the government's sort of saying we're going to do it later. So what's the difference between that and here? What we have here is we have essentially, you can think of it as a line, a USA, saying to a court, I need to go back and talk to Mr. Zalzmer or I need to go to Washington to figure out what we're going to do here. Are we going to appeal? Are we going to seek reconsideration? What are we going to do? That's not an action that any court has ever held can render a judgment non-final. It's quite extraordinary. This is much different. This notion of give us more time to consider what happens if a reconsideration motion is ever filed. Mr. Zalzmer is telling us it's not that uncommon, that they ask for motions for reconsideration outside the 30-day window and it happens. Not in our cases, Your Honor. I can tell you that. Now, I can also say that when you look at the case law, this doesn't come up. In fact, what the government is asking is a big ask here, which is to go against what seems to be a plain reading of Healy, what six appellate courts have read Healy to mean, all in order to correct this apparent, infrequent, despite my colleagues' representations as to what maybe never gets reported, but when you look at the case law, this has happened once in the reported case law, and the parties have dug deep on this, and the result was dismissal. This is a Martinez case out of the Tenth Circuit. So when you're looking at this, even if the court is not convinced that these issues have been cited in Healy, if you look at this as though you were coming to it with a clean slate, then I would suggest to Your Honors that what is needed here is a bright line. The parties have had a little bit of a back and forth on this, but I think it's quite clear. Under Healy, you count to 30. That's a bright line. Healy says timely. We all agree that if the rehearing petition is filed on the 14th day, it's timely, right? Correct. And it renders the order, in this case, in order of granting or suppression motion, it would render that non-final, correct? Okay. And if it's filed on the 28th day, in theory, the district court could reject it, right, and say, too late, 14 days, local rule, I'm a stickler. Correct. Right? If the district court says, well, you know, our district is a little bit permissive in this area, I'll let you file it on the 20th day, you say there's still no jurisdictional problem here because it was filed before the 30th day. Yes, and that's it. This case all comes down to whether or not the district court has the power to render or let me try to restate it more clearly. Does the district court have the power to dictate to this court what is a timely petition for rehearing and what isn't? Not for appeal purposes. As I said, when the district court. No, I'm just saying just for district court. I mean, the district court, I mean, I guess I'm trying to figure out what Healy means because Healy says timely, it says criminal judgments are non-final for purposes of appeal so long as timely rehearing petitions are pending. And this district court made a ruling that the rehearing petition was timely. We can get to that in a second. I don't think it actually did that. And that goes to this white line problem. What the district court here did, I think the fairest reading is allow them excusable neglect, retroactive consideration, but let's set that aside. Talking about Healy, Healy defines timely and it defines it on both sides of the coin. Okay? It says timely means within the 30 days and it says because what happens when it's beyond 30 days? Well, 52 days, Aligurji, dismissed. That's what Healy says. Now, if you have a situation where your honor was positing where you are not in compliance with a local rule, instead of 14 days you file it at 21 days, that is, the district judge may say you're too late for reconsideration. That is going to, I think under the case law, that is going to permit an appeal. It will still restart the appeal clock. That's the Canal case in the Second Circuit. It was that exact same scenario. Blown local rule within the 30 days, the clock still restarts per Healy. There you go. So that's the bright line here where we get into trouble. Why would it restart though? Because Healy says timely. In that hypothetical it was untimely and that's why the district court rejected it so you should have only nine days left if you filed it untimely on 21. Because it's a very, that's getting down to brass tacks, it's a very good way to put it, just what does timely mean? Healy said timely and what I'm suggesting to your honors is Healy defined timely to mean the 30 days. It doesn't mean timely under some local rule. Then the Canal opinion is wrong because the clock should not restart. If timely is defined not by what the district court deems timely but by what the statute or rule tells us, then that's an immovable object. The district judges don't have discretion to change those. Canal is right because it's filed, they blew the local rule, they filed after the local rule but within the 30 days. And Canal said that's going to restart because Healy means, Healy finds timely as 30 days. And Canal actually cites the Healy language about not being a situation where it's trying to bring back, rejuvenate an extinguished right to appeal. That's right. But if you can... Can I ask? Sure. So I'm sorry to give you so many of these hypotheticals but I find this is a very difficult case. Petition for re-hearing is filed on day 14. District court sits on it until day 31. Has the right to appeal extinguished? It does not matter when the district court rules on it, it matters when it's filed. So you could have... So then if that 30 days is not self-executing on the hypothetical I just gave you, why would it be self-executing in a case like this where the district court specifically gave them more time? Because there's nothing that's been filed that will render anything non-final. So the Supreme Court said... If that order had not been entered, yeah, you have a slam dunk. Judge McHugh entered an order I think on the 29th of October. Without that order they're dead in the water. But the question is does not that order render Judge McHugh's prior order non-final? It does not. It has no legal effect? It has a legal effect for reconsideration purposes. The government's entitled to its reconsideration motion. But an order saying you can have more time, you can have 60 days past the statutory 37-31 period to file a reconsideration motion does not have an effect on the appeal period. It governs the reconsideration proceedings. And I do need to pause, Your Honors, and point out that I think this is... I don't think the appeal turns on this. But if you look at this record, it's quite clear that the district court did not... The motion that was filed with the government was a motion to continue trial. Suppression was ordered. It was nothing about extending time to reconsider or anything else. But the reason they wanted to continue trial was they were considering either an appeal or perhaps motion to reconsider. Yes. So then there's a telephone conference, which is not of record. Then there's an order saying I'm granting the continuance of the trial. And then, you know, there's a status conference. We're going to have a status conference on November 29th. That's not an upfront extension order or anything else. And so when the defendant came in and the reconsideration proceedings said, hey, wait, it's untimely. What's going on here? The district court did this thing. No, no, no. I gave an extension. Does that matter? It doesn't matter to my ultimate position. Although I do think to the extent that the question I was trying to respond to was isn't that order critical? And, you know, I don't think it's critical. Even if that order had been unambiguous and said here's an extension of time to file a reconsideration, it doesn't matter. I don't have the power to do that. You don't have the power to do it. But you're saying on the facts of this case, the uncertainty and lack of clarity surrounding that order makes it all the less likely that that 30 days should be bypassed. Yes. And, really, this goes to the very good reasons why we need a break line. I'm surprised to hear you say that. I really am, Mr. Schweitzer, because I would have thought your position would be it could be clear as a bell, and it doesn't make a difference because you cannot resurrect the dead. That's my position. This is my second fallback position. That's absolutely right. It does not matter. You're saying if the judges don't have the power to alter the 30 days, the only thing that will delay or reset the clock is the actual filing of a motion for rehearing. Right. And it's not me saying that. I believe I think there's Supreme Court authority for this. And I would ask Your Honor to just consider the leap that it would require to say, okay, from the government's perspective here, we're thinking about this. Who knows if we're going to do it? Maybe we've got to go to Mr. Salzberg or Washington or whatever, consult it, look at the transcript. Who knows what's going to happen? Is that legally operative to suspend the finality of the judgment? That's extraordinary. The Supreme Court went out. I would venture a little bit on not a limb, but it extended the ‑‑ it tread into a jurisdictional territory. When it said a reconsideration motion can actually restart the clock, no court has ever gone anywhere near saying that a motion to extend the time to think about what we want to do has the same effect. Before you sit down, 4B4, you agree with Mr. Salzberg it's not pertinent here? It is not pertinent, except I would note that there were other options available to the government if it were to extend the appeal period. So I don't think there's any issue here of the government being hamstrung. They had a potential 4B4 outlet if the government thought it needed more time here. Instead, I think it took a course that, however often it's taken here in this office, is, I would suggest, patently inappropriate not only under Healy, but under all the circuits to approve on this. Thank you. Okay, thanks very much, Mr. Schweitzer. Mr. Zosmer, why don't you start by taking on Aligrucci and Martinez. No. Well, Aligrucci predates Healy. It's a summary cert denied by the dismissal by the Supreme Court. We're aware of all that, but you know because you've read it in the papers and you've heard it here that the argument is they make that CF site in Healy precisely to make the point that if you go outside the 30‑day window, you're in trouble. But there's no suggestion in Healy that they went to the National Archives, as Mr. Schweitzer did, that they pulled the docket sheets, that they figured out whether the petition for rehearing was properly granted or not. What we have is precedential decisions in Healy and Browder that make the rules here very clear. Aligrucci, I think you would be placing far too much weight on a summary disposition by the Supreme Court. A summary disposition which fits the facts here, right? We actually don't know that. We don't have the docket sheet that shows petition granted and the dates they were filed. We don't have the underlying papers to show what was going on there. We don't know the details of this 50‑year‑old case that never resulted in a published decision from the Supreme Court. But when you say it never resulted in a Supreme Court published decision, it shows up in Healy as support for the assertion that this is not a circumstance where you're trying to resurrect an extinguished appeal. It's sedative for that proposition, which we don't dispute, that if you file an untimely motion for reconsideration, it does not rejuvenate an appeal. As far as Martinez is concerned, Martinez is the one case where it's filed like this one after the 30 days. The court repeatedly says that the district court refused to accept that motion as timely,  The statement in the certify brief that that timeliness reference referred to something else is not correct. As you'll see when you look at the Martinez decision. It's fundamentally at issue here. Hold on a second. Let's talk a little bit more about Martinez because you seem to respond to this language. From these authorities, this is at page 1253 in Martinez. From the authorities, it has to be concluded that a motion for reconsideration does not bring new life to an order unless it is filed within the 30 day period for taking the appeal running from the date of the entry of the judgment or order appeal from period. Now that seems to be pretty definitive. What's your response to it? My response to that is it's stated in a case in which there was not a timely motion for reconsideration at any time. The court doesn't seem to be bothered by that at all. It said it has to be concluded that a motion for reconsideration does not bring to life if it's outside the 30 day period. There are other portions of that opinion, your honor, that do state what I'm stating and emphasizing the untimeliness of the petition in the district court. And again, if we get back, the core of the defense argument here is that Healy sets this mandatory 30 day limit on when you can file a motion for reconsideration. You can read Healy all day long and not find that. I don't think that does justice to their position. They don't say that it sets a mandatory limit on when you can file a motion for reconsideration. What they say, you can file your motion for reconsideration whenever the district court tells you you want to. Knock yourself out. But your appeal will be limited to the motion for reconsideration. It will not resurrect the appeal of the original judgment. So answer that point. Don't say they're trying to say, Healy says something that doesn't say. Their point is, you filed your motion for reconsideration. Argue your motion for reconsideration. But the judgment stands and you don't get to appeal that. Healy never says that. Rauder says the opposite. What they both say very clearly is that a timely motion for reconsideration tolls the period and the timeliness is defined by whatever rules in existence. And if there is no rule, then we use a default that appears in Section 3731. And your position is that Martinez doesn't mean what it says when it says, a motion for reconsideration does not bring to life in order unless it is filed within the 30-day period. We do not accept that. No, we don't accept that as controlling in a case such as this, which is a timely motion. In Rauder, at page 268, the court says this, that Healy dictated that a timed petition for rehearing would render the original judgment non-final for purposes of appeal and therefore would toll the time for appeal. And absent a rule specifying a different time limit, a petition for rehearing in a criminal case would be considered timely when filed within the original period for review. So is there a rule specifying a different time limit? Here, there's not just the local rule, but also Federal Rule of Criminal Procedure 45, which says that the district court on its own motion or on a party's motion may extend the time for filing under a local rule based on its own motion or based on good cause shown by a party. No one disputes it has the power to do that. I think what we're trying to ascertain is what effect does that action have on the notice of appeal? And isn't it possible that the answer is the district court can entertain that whenever it wants, but for purposes of appeal, if it's untimely, all that's going to be an issue on appeal is the petition for rehearing and not the original merits of the judgment. I fear that we're going in circles. Timeliness is defined by the district court according to the Supreme Court that says absent a different rule. If there's a rule, then that's timeliness. There's nothing in Healy or Browder that says... 30 days and the district court couldn't redefine that as 17 days. And it was a jurisdictional rule. Here, if you had something that said... 30 days is a jurisdictional rule. But Healy says that a timely petition for rehearing told that. And district judges can say it's timely and appellate judges have to accept that even if it looks untimely. Well, district judges have the power every day as to when they're going to enter final orders. They could have done it in October, could have waited six months. It does have control as to the finality of its own rulings. I think you've nailed it when you said, I think we're talking in circles, because we're back to what's timely and what isn't. But it's, as usual, well-argued. Thank you very much, Mr. Zeisner and Mr. Schweitzer. Appreciate your time. Take the matter under advisement. Why don't we ask for a transcript of the argument? We'd like to go back around in the circles one more time. Okay. So thanks very much. We stand in recess.